# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

Eric Vick

Plaintiff,

V.

Equifax Information Services LLC.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT

1. This is an action for actual, statutory, and punitive damages arising from Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

2. Congress enacted the FCRA to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. Defendant failed to comply with these obligations.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under federal law.

4. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b) because Plaintiff resides in Massachusetts and a substantial portion of the events giving rise to this claim occurred in this District.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## PARTIES

5.  Plaintiff Eric Vick is a natural person and resident of Massachusetts. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6.  Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), regularly engaged in assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties for a fee.

## FACTUAL ALLEGATIONS

7.  On or about January 21, 2026, Plaintiff requested a full consumer disclosure from Defendant through the federally authorized source AnnualCreditReport.com.

8.  Defendant provided a consumer disclosure that purported to contain all information in Plaintiff's file.

9.  The disclosure was materially incomplete. It failed to include full account numbers, complete payment histories, internal account identifiers, and other underlying data maintained in Defendant's system regarding negative trade lines appearing on Plaintiff's credit file.

10. The omitted data concerned multiple accounts reported as derogatory, including accounts furnished by third-party creditors and/or debt collectors.

11. Without complete account identifiers and full historical data, Plaintiff could not determine the origin, accuracy, or legal status of the negative accounts.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

12. As a result of Defendant's incomplete disclosure, Plaintiff was unable to meaningfully dispute inaccurate and harmful information, including accounts that may have been outdated, inaccurately reported, or not legally enforceable.

13. Plaintiff applied for credit and was denied. The adverse action notice cited information contained in Defendant's credit file.

14. Plaintiff experienced significant emotional distress, including anxiety, sleeplessness, and persistent stress. Plaintiff's inability to correct the record caused disruption in daily life and interfered with concentration at work.

15. Plaintiff incurred financial harm due to lost credit opportunities and expended time and resources attempting to identify and correct incomplete and misleading reporting.

16. Pursuant to 15 U.S.C. § 1681g(a)(1), a consumer reporting agency must clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

17. Defendant did not provide all information in Plaintiff's file.

18. Defendant knows that furnishers transmit complete Metro 2 formatted data through the industry system governed by the Consumer Data Industry Association. Defendant has the ability to store and transmit full account-level data to third parties.

19. Defendant's failure to disclose all file information prevents consumers from exercising their dispute rights under 15 U.S.C. § 1681i.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

20. Courts have recognized the duty to conduct reasonable investigations and provide meaningful file disclosures. See Johnson v. MBNA America Bank, N.A., 357 F.3d 426 (4th Cir. 2004).

21. Defendant's conduct was willful within the meaning of 15 U.S.C. § 1681n, or in the alternative negligent under 15 U.S.C. § 1681o.

## COUNT I Violation of the Fair Credit Reporting Act
### Failure to Disclose All File Information 15 U.S.C. § 1681g(a)

22. Plaintiff realleges and incorporates the preceding paragraphs.

23. Defendant violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information in Plaintiff's file at the time of his request.

24. Defendant's failure deprived Plaintiff of the ability to dispute inaccurate information as guaranteed under 15 U.S.C. § 1681i.

25. Plaintiff suffered actual damages, including emotional distress and financial harm.

26. Defendant's violations were willful, entitling Plaintiff to statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

27. In the alternative, Defendant's violations were negligent, entitling Plaintiff to actual damages under 15 U.S.C. § 1681o.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

B. Award actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Award punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Award costs and attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

E. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: March 2, 2026

Respectfully submitted,

*Eric Vick*

Eric Vick

12 Carroll St. APT 2,

Springfield, MA 01108

Pro Se Plaintiff